THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

DENISE WATKINS,

     Plaintiff,

v.                                      Civil No.

ONE SOURCE, THE BACKGROUND
CHECK COMPANY, LLC.,

     Defendant.

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, DENISE L. WATKINS ("Plaintiff' or "Ms. Watkins"), by Counsel, and for her Complaint against Defendant ONE SOURCE, THE BACKGROUND CHECK COMPANY, LLC ("One Source" or "Defendant" or "Defendant One Source"), Plaintiff alleges the following:

### INTRODUCTION

1.     This is an action for willful violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681e(b) ("FCRA"), against Defendant One Source.

2.     Defendant operates a national database of public records and related employment histories as a nationwide consumer reporting agency ("CRA"). One Source maintains an FCRA database to prepare and furnish consumer reports for employment and other purposes. One Source provides these consumer reports to prospective and existing employers.

3.     One Source furnished a consumer report for employment purposes regarding the Plaintiff to Ralston Public Schools. Ralston Public Schools hired, but subsequently fired Plaintiff based in whole or in part on the contents of a One Source consumer report.

4.      While Plaintiff later regained her employment with Ralston Public Schools, her reputation was already tarnished.

5.      When One Source created the report that led to Ralston Public Schools firing Plaintiff, One Source failed to use reasonable procedures to assure that it only reported information about Plaintiff with *maximum possible accuracy*, as required by the FCRA. Because of One Source's procedural failures, One Source sold to Ralston Public Schools a report about Plaintiff that "verified" she was charged and convicted of crimes that she did not commit.

6.      Plaintiff brings a claim against One Source under 15 U.S.C. § 1681e(b). One Source is bound by the FCRA to use reasonable procedures to assure the maximum possible accuracy of the information it reports. One Source did not meet the basic obligation outlined in the FCRA, as it falsely assigned a substantial criminal history to Plaintiff in her report.

## PARTIES

7.      Plaintiff Denise Watkins is a "consumer" as defined by 15 U.S.C. § 1681a.

8.      Plaintiff lives in Douglas City, Nebraska.

9.      Defendant One Source is a for-profit corporation headquartered in Omaha, Nebraska.

10.     Defendant One Source is a "consumer reporting agency," as defined by 15 U.S.C. § 1681a(f), that compiles, sells, furnishes, and uses consumer reports and services in the State of Nebraska and throughout the United States.

## JURISDICITION AND VENUE

11.     The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

12.     Venue is proper in the District of Nebraska because Plaintiff is a resident of this

District and Defendant sells consumer reports regarding individuals residing in this District. 28

U.S.C. § 1391(c).

## FACTUAL ALLEGATIONS

### Section 1681e(b) of the FCRA requires CRAs to Follow
### Reasonable Procedures to Assure Maximum Possible Accuracy of Consumer Reports

13.     "Congress enacted the FCRA in 1970 out of concerns about abuses in the consumer

reporting industry. *See* S. Rep. No. 91-517, at 3 (1969); 116 Cong. Rec. 35941 (1970) (statement

of Sen. Proxmire); *id.* at 36570 (statement of Rep. Sullivan); . . . . In enacting FCRA Congress

adopted a variety of measures designed to ensure that agencies report accurate information."

*Dalton v. Capital Associated Indus., Inc.*, 257 F.3d 409, 414-15 (4th Cir. 2001) "In recognition of

the critical role that CRAs play in the credit markets and the serious consequences borne by

consumers because of inaccurate information disseminated in consumer credit reports prepared by

CRAs, Congress placed on a CRA what can only be described as very high legal duties of care,

set forth . . . in 15 U.S.C. §§ 1681e(b), 1681i(a)(1)(A), and 1681i(a)(3)(A)." *Burke v. Experian*

*Info. Sols., Inc.*, No. 1:10-cv-1064 AJT/TRJ, 2011 WL 1085874, at *4 (E.D. Va. Mar. 18, 2011).

14.     "Section 1681e(b) sets forth the CRAs' overall du[t]y:

(b) Accuracy of report. Whenever a consumer reporting agency prepares a
consumer report it shall follow reasonable procedures to assure maximum possible
accuracy of the information concerning the individual about whom the report
relates."

*Burke*, 2011 WL 1085874, at *4.

15.     Upon information and belief, Ralston Public Schools purchased a background

check regarding Plaintiff, from Defendant, for an employment purpose.

16.     Thereafter, on or about March 31, 2023, One Source furnished Plaintiff's

background report to Ralston Public Schools.

3

17.     Unbeknownst to Plaintiff, the consumer report that One Source provided to Ralston Public Schools contained extensive criminal records that did not belong to her.

18.     Defendant's allegedly "verified" criminal history erroneously attributes over ten charges to Plaintiff, spanning from child abuse misdemeanors and unlicensed vehicle operation, to class 4 felonies like evading arrest with a motor vehicle and controlled substance possession.

19.     Upon receiving the report, Ralston Public Schools informed Plaintiff that she would need to stay home based in whole or in part on the inaccurate contents of this One Source consumer report.

20.     Plaintiff was not allowed to return to work until Ralston Public Schools completed a subsequent independent investigation of the contents within Plaintiff's inaccurate consumer report.

21.     Defendant failed to issue a corrected report until roughly three months later.

## PLAINTIFF SUFFERED ACTUAL HARM

22.     As a result of the inaccurate consumer report, Plaintiff has suffered damages, including, but not limited to:

   a.   Stress associated with being labeled a criminal and trying to resolve this matter;

   b.   Monies lost by attempting to fix her good name, e.g., communication costs, postage for disputes;

   c.   Loss of time attempting to correct the inaccuracies; and

   d.   Mental anguish, stress, aggravation, and other related impairments to the enjoyment of life, including but not limited to: anxiety, depression, loss of appetite, loss of concentration, aggravation of high blood pressure, irritability, humiliation and embarrassment, headaches, feelings of fear and panic, heart

4

palpitations, irritability, shortness of breath, stomach pain, sleep loss, harm to reputation, and loss of privacy.

## DEFENDANT ACTED WILFULLY

23. Defendant knew or should have known about its obligations under the FCRA. These obligations are well established in the plain language of the FCRA and in the promulgations of the Federal Trade Commission.

24. Defendant obtained (or had available) substantial written materials which apprised it of its duties under the FCRA.

25. Despite the legal obligations the FCRA requires, Defendant knowingly violated 15 U.S.C. § 1681e(b).

26. Defendant was informed of the necessary rigors that FCRA compliance imposes.

27.  Defendant deprived Plaintiff of her rights under the FCRA.

28. As a result of these violations, Defendant is liable to Plaintiff for statutory damages from $100.00 to $1,000.00 pursuant to 15 U.S.C. § 1681n(a)(1)(A), plus punitive damages pursuant to 15 U.S.C. § 1681n(a)(2) for the violations alleged herein, and for attorney's fees and costs pursuant to § 1681n and § 1681o.

## COUNT ONE – VIOLATION OF 15 U.S.C. § 1681e(b)

29. Plaintiff realleges and incorporates by reference all preceding allegations of law and fact.

30. Defendant violated 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer report it furnished regarding Plaintiff when it furnished a report about Plaintiff containing criminal records that did not belong to her.

31. Plaintiff seeks statutory damages for this violation pursuant to 15 U.S.C. § 1681n(a)(1)(A) and equitable and/or injunctive relief.

32. Plaintiff seeks punitive damages for this violation pursuant to 15 U.S.C. § 1681n(a)(2).

33. In the alternative to the allegation that this violation was willful, Plaintiff alleges that the violation was negligent and seeks an appropriate remedy, pursuant to 15 U.S.C. § 1681o.

34. Plaintiff seeks attorney's fees and costs pursuant to 15 U.S.C. §§ 1681o and 1681n.

WHEREFORE, Plaintiff demands judgment for statutory and punitive damages against Defendant; for her attorney's fees and costs; for pre-judgment and post-judgment interest at the legal rate; and such other relief the Court deems just, equitable, and proper.

PLAINTIFF DEMANDS A TRIAL BY JURY.

Respectfully submitted,

DENISE L. WATKINS,

By: __/s/ Matthew S. Robertson_____
A.J. Stecklein
Matthew S. Robertson
Stecklein Robertson Law CHTD.
1503 Westport Road
Kansas City, Missouri 64111
Telephone: 913-371-0727
Facsimile: 913-371-0727
Email: aj@srlawkc.com
         msr@srlawkc.com

By: __/s/ Craig C. Marchiando_____
Craig C. Marchiando, Esq. *(Pro Hac Vice Forthcoming)*
Adam W. Short, Esq. *(Pro Hac Vice Forthcoming)*
Consumer Litigation Associates, P.C.
763 J. Clyde Morris Blvd., Suite 1-A
Newport News, VA 23601
Telephone: (757) 930-3660
Facsimile: (757) 930-3662
Email: craig@clalegal.com
Email: adam@clalegal.com
*Attorneys for Plaintiff*