## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

DENISE WATKINS,

       Plaintiff,

v.

ONE SOURCE, THE BACKGROUND
CHECK COMPANY, LLC,

       Defendant.

Case No. 4:24-cv-03021-JMG-JMD

**DEFENDANT ONE SOURCE THE
BACKGROUND CHECK
COMPANY'S ANSWER TO
COMPLAINT**

**DEMAND FOR JURY TRIAL
AT OMAHA**

Defendant One Source The Background Check Company, LLC ("Defendant" or "One Source"),[1] by and through its undersigned counsel, submits its Answer and Defenses to the Complaint and Demand for Jury Trial ("Complaint") filed by Plaintiff Denise Watkins ("Plaintiff"), showing the Court as follows:

### INTRODUCTION

1.    One Source admits only that Plaintiff has attempted to assert an FCRA claim. One Source denies that it violated the FCRA in any way.

2.    One Source admits only that it sometimes furnishes consumer reports to employers. One Source denies any and all remaining allegations in paragraph 2 of the Complaint, including the allegation that it "operates a national database of public records and related employment histories" and "maintains an FCRA database."

3.    One Source admits that it furnished a consumer report regarding the Plaintiff to Ralston Public Schools for employment purposes. One Source is without knowledge or information sufficient to form a belief about the truth of the

---

[1]    Defendant is misidentified in the Complaint. Its correct legal name is One Source The Background Check Company, LLC.

remaining allegations in paragraph 3 of the Complaint. Accordingly, those allegations are denied.

4.     One Source is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 4 of the Complaint. Accordingly, those allegations are denied.

5.     One Source denies the allegations in paragraph 5 of the Complaint.

6.     One Source admits that Plaintiff attempts to assert a claim under 15 U.S.C. § 1681e(b) and further admits that the FCRA requires consumer reporting agencies to follow reasonable procedures to assure maximum possible accuracy. Except as expressly admitted herein, One Source denies the allegations in paragraph 6 of the Complaint and further denies that Plaintiff is entitled to any form of relief against it whatsoever.

## PARTIES

7.     One Source admits the allegations in paragraph 7 of the Complaint.

8.     One Source is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 8 of the Complaint. Accordingly, those allegations are denied.

9.     One Source admits only that it is a Nebraska limited liability company with its principal place of business in Omaha, Nebraska. One Source denies any and all remaining allegations in paragraph 9 of the Complaint.

10.     One Source admits that, for purposes of the present lawsuit only, it was a consumer reporting agency that furnished a consumer report within the State of Nebraska. One Source denies any and all remaining allegations in paragraph 10 of the Complaint.

## JURISDICTION AND VENUE

11.     One Source admits for purposes of the present lawsuit only.

12.     One Source admits for purposes of the present lawsuit only.

## FACTUAL ALLEGATIONS

13.     Paragraph 13 of the Complaint does not contain any allegations against One Source, and accordingly, no response is required. To the extent any response is required, the referenced sources speak for themselves. One Source expressly denies that it violated the FCRA.

14.     One Source admits that 15 U.S.C. § 1681e(b) states: "Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum accuracy of the information concerning the individual about whom the report relates." One Source denies any and all remaining allegations in paragraph 14 of the Complaint.

15.     One Source admits that Ralston Public Schools purchased a background check from One Source regarding Plaintiff for employment purposes. Except as expressly admitted herein, One Source denies any remaining allegations in paragraph 15 of the Complaint.

16.     One Source admits it furnished a background report regarding Plaintiff to Ralston Public Schools on or about March 27, 2023. Except as expressly admitted herein, One Source denies any remaining allegations in paragraph 16 of the Complaint.

17.     The referenced consumer report is a written document that speaks for itself. To the extent any further response is required, One Source denies the allegations in paragraph 17 of the Complaint.

18.     Paragraph 18 of the Complaint refers to a written document that speaks for itself. To the extent any further response is required, One Source denies the allegations in paragraph 18 of the Complaint.

19.     One Source is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 19 of the Complaint. Accordingly, those allegations are denied.

20.     One Source is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 20 of the Complaint. Accordingly, those allegations are denied.

21.     One Source admits only that on or about June 29, 2023, it issued a revised report after receiving a request from Plaintiff for her file on or about June 26, 2023. One Source denies any and all remaining allegations in paragraph 21 of the Complaint, including the allegation that it "failed" in any way.

22.     One Source denies the allegations in paragraph 22 of the Complaint.

23.     One Source admits only that it is aware of and adheres to its statutory obligations under the FCRA. One Source denies any and all remaining allegations in paragraph 23 of the Complaint.

24.     One Source admits only that it is aware of and adheres to its statutory obligations under the FCRA. One Source denies any and all remaining allegations in paragraph 24 of the Complaint.

25.     One Source denies the allegations in paragraph 25 of the Complaint.

26.     One Source admits only that it is aware of and adheres to its statutory obligations under the FCRA. One Source denies any and all remaining allegations in paragraph 26 of the Complaint.

27.     One Source denies the allegations in paragraph 27 of the Complaint.

28.     One Source denies the allegations in paragraph 28 of the Complaint.

**COUNT ONE - VIOLATION OF § 1681e(b)**

29.     One Source repeats and incorporates its responses to the preceding paragraphs as if fully set forth herein.

30.     One Source denies the allegations in paragraph 30 of the Complaint.

31.     One Source denies the allegations in paragraph 31 of the Complaint.

32.     One Source denies the allegations in paragraph 32 of the Complaint.

33.     One Source denies the allegations in paragraph 33 of the Complaint.

34.     One Source denies the allegations in paragraph 34 of the Complaint.

35.     **One Source denies each and every other allegation in the Plaintiff's Complaint except for those expressly admitted herein.**

4

36.     **One Source demands trial by jury and designates Omaha as the place of trial.**

## PRAYER FOR RELIEF

One Source denies that Plaintiff is entitled to the relief set forth in her Prayer for Relief.

## GENERAL DENIAL

One Source denies the allegations in the "Prayer for Relief" section of the Complaint and further denies all relief sought by Plaintiff throughout the Complaint. One Source denies each and every factual allegation contained in the Complaint that is not expressly admitted in the preceding paragraphs of this Answer. All allegations, headings, and unnumbered paragraphs not expressly admitted herein are denied.

## AFFIRMATIVE AND OTHER DEFENSES

Without waiving any non-affirmative defenses that are not stated herein and without assuming the burden of proof on any defense where the law provides otherwise, One Source submits its affirmative and other defenses to the claims set forth in the Complaint as follows:

### First Defense

Plaintiff's claim fails, in whole or in part, because One Source acted in good faith and without willfulness, malice, or intent to injure.

### Second Defense

Plaintiff's claim fails, in whole or in part, because One Source did not act negligently.

### Third Defense

Plaintiff's claim fails because Plaintiff did not incur any injury or damage as a result of any alleged violation.

### Fourth Defense

The Complaint fails to allege facts sufficient to justify a recovery of actual damages, statutory damages, punitive damages, interest, attorneys' fees, costs, or any other form of relief.

### Fifth Defense

Plaintiff's claim is subject to dismissal, in whole or in part, to the extent it is barred by waiver, laches, estoppel, and/or unclean hands. To the extent that Plaintiff has waived any claim, delayed in bringing this action, or engaged in any inequitable conduct, she would be barred from prosecuting this lawsuit. The extent to which this defense is applicable, and whether additional grounds exist in support of this defense, will be developed through discovery.

### Sixth Defense

One Source contends that it complied with the FCRA and that its reading of its obligations under the FCRA is not objectively unreasonable. To the extent there could have been any violation, it would not have been intentional or willful and/or it would have resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error, as One Source endeavored to act at all times in good faith and consistent with what it reasonably understood to be required of it under the FCRA. The extent to which this defense is applicable, and whether additional grounds exist in support of this defense, will be developed through discovery.

### Seventh Defense

To the extent that Plaintiff has failed to mitigate her alleged damages, her recovery, if any, must be reduced accordingly.

### Eighth Defense

Plaintiff cannot recover punitive or statutory damages on the ground that any award of punitive or statutory damages would be impermissible under the Due Process Clause of the Fifth Amendment to the United States Constitution, due to the lack of any actual damages suffered by Plaintiff and the gross disparity between the allegations of harm and the size of the claim. Stating further, any award of punitive or statutory damages would violate the constitutional standards set out in

cases such as *BMW of N. Am., Inc. v. Gore*, 517 U.S. 559 (1996), and *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003).

## Ninth Defense

The damages Plaintiff seeks would be disproportionate to the harm alleged or allegedly suffered by Plaintiff, would be excessive, and would violate One Source's constitutional rights.

## Tenth Defense

One Source acted, at all times relevant to the Complaint, in compliance with the FCRA and is entitled to every defense afforded by the FCRA.

## Eleventh Defense

Plaintiff is not entitled to multiple recoveries she receives in the form of damages or settlement amounts from other entities arising from the same alleged damages. One Source is entitled to have any damages that may be awarded to Plaintiff reduced by the value of any benefit or payment to Plaintiff from any collateral source.

## Twelfth Defense

Plaintiff's claim is subject to dismissal, in whole or in part, to the extent that any damages incurred by Plaintiff were caused by her own acts or omissions, or the acts or omissions of third parties other than One Source. Even if the FCRA is found to have been violated, to the extent those violations are deemed to have been due to negligence, Plaintiff will have standing and will have compensable injuries only to the extent those injuries were not caused by her own acts. The extent to which this defense is applicable, and whether additional grounds exist in support of this defense, will be developed through discovery.

## Thirteenth Defense

One Source reserves the right to raise any other defenses allowed by law as evidence is discovered in this case.

**PRAYER FOR RELIEF**

WHEREFORE, having fully responded to the Complaint, One Source respectfully requests that the Court enter an Order denying all of the claims against One Source in the Complaint, and that judgment be rendered in favor of One Source and against Plaintiff with respect to all claims against One Source, and that One Source be granted such other and further relief as the Court deems just, equitable, and proper, including, without limitation, its attorneys' fees.

Respectfully submitted this 25th day of March, 2024.

ONE SOURCE, THE BACKGROUND CHECK COMPANY, LLC, Defendant,

BY:    /s/ Timothy J. Thalken
   Timothy J. Thalken, #22173
   FRASER STRYKER PC LLO
   500 Energy Plaza
   409 South 17th Street
   Omaha, NE 68102
   (402) 341-6000
   (402) 341-8290 - fax
   tthalken@fraserstryker.com

and

   Megan P. Mitchell, Ga. Bar No. 916934
   (*pro hac vice* application to be submitted)
   Avery E. Carter, Ga. Bar No. 443820
   (*pro hac vice* application to be submitted)
   ARNALL GOLDEN GREGORY LLP
   171 17th Street NW, Suite 2100
   Atlanta, GA 30363
   (404) 873-8164
   (404) 873-8165 - fax
   megan.mitchell@agg.com
   avery.carter@agg.com

   ATTORNEYS FOR DEFENDANT ONE SOURCE THE BACKGROUND CHECK COMPANY, LLC

**CERTIFICATE OF SERVICE**

Counsel for Defendant certifies that on this 25th day of March, 2024, this document was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ Timothy J. Thalken

3194076